UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY C., | |
| Plaintiff, | CASE NO. C19-5681-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
| Defendant. | |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is REVERSED and REMANDED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1974.[1] He completed the ninth grade and previously worked as a tractor trailer truck driver. (AR 38, 116, 187.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Case 3:19-cv-05681-MAT   Document 22   Filed 06/15/20   Page 2 of 8

Plaintiff protectively filed DIB and SSI applications on March 21, 2016, alleging disability beginning March 8, 2016. The applications were denied initially and on reconsideration. ALJ Keith Allred held a hearing on July 25, 2018, taking testimony from plaintiff and a vocational expert (VE). (AR 109-35.)  Because Judge Allred was unable to issue a decision on the case, the case was reassigned to ALJ Lawrence Lee to make a decision pursuant to the guidance of HALLEX I-2-8-40.  On January 25, 2019, the ALJ issued a partially favorable decision. (AR 25-40.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on May 23, 2019 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found severe: spine disorder, obesity, left shoulder rotator cuff tear, diabetes mellitus, migraine headaches, degenerative disc disease, depression, and anxiety. Step three asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found plaintiff's impairments did not meet or equal a listing.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

ORDER
PAGE - 2

residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able, from March 8, 2016 through February 11, 2018, to perform sedentary work, defined as lifting and carrying ten pounds occasionally and less than ten pounds frequently, sitting six hours in an eight-hour workday, and standing and/or walking two hours in an eight-hour workday, and with additional limitations. Plaintiff could never climb ladders, ropes, or scaffolds, but could occasionally balance, climb ramps and stairs, bend stoop, crouch, and crawl. Plaintiff should avoid heavy vibrations, and he could use his left upper extremity occasionally for overhead reaching, frequently for reaching in all directions, and frequently for handling and fingering. Plaintiff could perform work that involves occasional public contact. The ALJ found that, as a result of severe physical impairments, plaintiff would be unable to meet employer attendance expectations and would have been absent from the workplace at least two days a month. With that assessment, and the assistance of the VE, the ALJ found plaintiff unable to perform past work as a tractor trailer truck driver from March 8, 206 through February 11, 2018.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ found there were no jobs that existed in significant numbers in the national economy plaintiff could have performed from March 8, 2016 through February 11, 2018. He found plaintiff disabled from March 8, 2016 through February 11, 2018.

The ALJ found medical improvement occurred as of February 12, 2018 following bilateral knee surgeries, at which time plaintiff's RFC increased to the extent his inability to meet employer attendance expectation was removed. While plaintiff continued to be unable to perform past

ORDER
PAGE - 3

relevant work, the ALJ found, with the assistance of the VE, plaintiff able to perform the duties of document preparer, final assembler, and table worker, and such jobs existing in significant numbers in the national economy. The ALJ found plaintiff not disabled since February 12, 2018.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the opinions of two mental health experts. Plaintiff further argues the Appeals Council erred in failing to consider additional evidence. He requests entry of a finding that plaintiff is disabled under Listing 12.04. The Commissioner argues the ALJ's decision should be affirmed.

## Medical Opinions

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[2] Where the record contains

---

[2] Because plaintiff filed applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER
PAGE - 4

contradictory opinions, as in this case, the ALJ may not reject a treating or examining doctor's opinion without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

Plaintiff argues the ALJ should have given "appropriate weight" to the opinion of Katrina L. Higgins, Ph.D. Although plaintiff contends the ALJ gave the conclusions "little" weight (Dkt. 20 at 5), in fact, the ALJ gave "great weight" to Dr. Higgins' opinion regarding social interactions, finding it consistent with plaintiff's report of increased anxiety and panic attacks when leaving the house or driving and social isolation. (AR 34.) The ALJ gave "no weight" to Dr. Higgins' assessment of plaintiff's ability to understand and remember instructions and tolerate stress, finding those deficits "isolated", not borne out by the entire medical record, and inconsistent with plaintiff's mental status examination (MSE) "even one month later". (*Id.*) Plaintiff cites the May 2018 evaluation by Edwin Hill, Ph.D. diagnosing mental impairments, but, as the ALJ noted, that report did not address plaintiff's vocational functioning. (AR 34, 602-14, 792-803.) Therefore, plaintiff's reliance on Dr. Hill's reports as support for Dr. Higgins' opinion is unavailing. *See, e.g., Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations).

"The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). *Accord Thomas*, 278 F.3d at 956-57 ("'When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict.'") (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)). Plaintiff does not establish error in the ALJ's consideration of Dr. Higgins' opinions. However, depending on the ALJ's assessment of Dr.

Hill's April 30, 2019 report on remand, as discussed below, the ALJ may need to revisit the consideration of Dr. Higgins' opinions as well.

## Appeals Council

The ALJ's decision was issued January 25, 2019, addressing plaintiff's disability through the date of decision. In plaintiff's request for Appeals Council review of the ALJ decision, plaintiff cited, *inter alia,* an April 30, 2019 report from Dr. Hill as support for the argument the ALJ's decision is not supported by substantial evidence.

This Court does not have jurisdiction to review a decision of the Appeals Council denying a request for review, as the Appeals Council decision is a non-final agency action. *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1162-63 (9th Cir. 2012). When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner," which then is reviewed by this Court for substantial evidence support based on the record as a whole, including newly submitted evidence. *Id*.

As described above, the ALJ considered the May 2018 psychological evaluation conducted by Dr. Hill, giving "some consideration" to the history of mental impairment and MSE findings. (AR 792-803.) However, Dr. Hill did not provide any assessment of plaintiff's functional abilities and limitations, so there was no opinion evidence from Dr. Hill for the ALJ to consider in evaluating plaintiff's vocational functioning. (AR 34.)

The April 30, 2019 post-hearing report from Dr. Hill expands on his May 2018 evaluation of plaintiff, now providing a mental RFC assessment and a narrative report explaining the assessment. (AR 68-73.) Other than Dr. Higgins' report, which the ALJ rejected as insufficiently supported by the rest of the medical record, no other record evidence considered by the ALJ addressed plaintiff's mental functional impairments during the time period at issue. Ideally, having

noted the lack of an assessment of plaintiff's mental functional capacity in Dr. Hill's May 2018 report, the ALJ would have followed up with Dr. Hill at the time of the hearing to fill that gap before issuing a decision. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotation marks and quoted sources omitted). That duty "exists even when the claimant is represented by counsel." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). With that evidence now available, the substantial evidence support for the ALJ's mental RFC assessment is called into question, particularly in light of the relative paucity of other pertinent medical evidence. The Court concludes this matter should be remanded to allow for the ALJ's consideration of that evidence.

## Remand

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)). To remand for benefits, the Court must find: (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose, including consideration of any outstanding issues that must be resolved before determining disability; and (3) that, if improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495; *Treichler*, 775 F.3d at 1099; and *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). In this case, remand is necessary to allow for the ALJ's consideration of the evidence from Dr. Hill. This matter is therefore properly remanded for further

ORDER
PAGE - 7

administrative proceedings.

## CONCLUSION

For the reasons set forth above, this matter is REVERSED and REMANDED for further proceedings.

DATED this 15th day of June 2020.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge